# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

RICKY WYCHE

                Debtor

CHAPTER **13**
Case No. 17-43883-LSG
Judge LISA S. GRETCHKO

### TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION

*Please read this Report carefully. It advises you of certain rights and deadlines imposed pursuant to the law.*
**Your rights may be adversely affected.**

David Wm. Ruskin, Standing Chapter 13 Trustee, pursuant to F.R.Bankr.P. 3002.1(f) and E.D. Mich. LBR 2015-3(a)(1), reports to the Court that the above-named Debtor has completed all payments under the confirmed Chapter 13 plan.

This notice is provided pursuant to F.R.Bankr.P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor's principal residence and whose claims are provided for under 11 U.S.C. 1322(b)(5).

> **IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**
>
> **IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STAY WAS LIFTED DURING THE TERM OF THE DEBTOR'S CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**
>
> **PURSUANT TO F.R.BANKR.P. 3002.1(g), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE. F.R.BANKR.P. 3002.1(g) SETS FORTH THE SPECIFICS GOVERNING THE REQUIRED RESPONSE.**

©2016 David Wm. Ruskin

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(2), if the Court determines that Debtor's is eligible for a Discharge, the Order of Discharge will include findings that:

1. All allowed claims have been paid in accordance with the plan; and

2. With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured.

Pursuant to E.D. Mich. LBR 2015-3(a)(3), if the Court determines that Debtor's is eligible for a Discharge, the Order of Discharge will direct that:

1. Any creditor who held a secured claim that was fully paid shall execute and deliver to the Debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and

2. Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the findings set forth in the Order of Discharge.

### **RIGHTS AND DUTIES OF DEBTOR**

**Duty of Debtor regarding secured debt obligations:** Every Debtor, regardless of whether the Debtor is or claims to be entitled to a discharge, must:

1. Immediately begin making the required payments on secured debt obligations to avoid defaulting on those secured debt obligations.

2. Continue to make required payments on secured debt obligations until those obligations are paid in full. If the Court determines that the Debtor is eligible for a Discharge, the Chapter 13 Discharge will not discharge the Debtor from any obligation on any continuing secured debt payments that come due after the date of the Debtor's last payment under the Plan.

*See* E.D. Mich. LBR 2015-3(a)(6)&(7).

**If the Debtor claims to be eligible for a discharge pursuant to 11 USC Section 1328:**

1. Within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor must file with the Court the Certification Regarding Domestic Support Obligations. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

2. If this is a Joint Case, each Debtor must separately complete and file the Certification Regarding Domestic Support Obligations. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

3. If the Debtor fails to complete and file the Certification Regarding Domestic Support Obligations within 28 days of the date of this Chapter 13 Trustee's Report, the Debtor's case may be closed by the Court without the entry of a discharge. The form and instructions on how to complete this form may be found on the Court's web site, www.mieb.uscourts.gov.

# RIGHTS AND DUTIES OF CREDITORS

In addition to the requirements of F.R.Bankr.P. 3002.1(g), pursuant to E.D. Mich. LBR 2015-3(a)(4), if any party in interest asserts that:

1. The Debtor has failed to make all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; or

2. The Debtor is not current in any payments the Debtor was authorized to make directly to a creditor; or

3. One or more allowed claims have not been paid in accordance with the plan; or

4. With respect to any secured claim that continues beyond the term of the plan, there remains prepetition or post-petition defaults that have not been cured; or

5. A creditor has a lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; or

6. There exists reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the Debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

the party may file an objection to this Report. Any objection must be filed not later than 21 days after service of this Trustee's Report. If a timely objection is filed, the Court will delay entry of the order of discharge until the Court resolves the objection and a hearing will be scheduled with notice to the objecting party.

In addition to the requirements of F.R.Bankr.P. 3002.1(g), if no objection to this Trustee's Report is timely filed, pursuant to E.D. Mich. LBR 2015-3(a)(5), it shall be conclusively determined that:

1. Debtor has made all payments to the Chapter 13 Trustee as required by the confirmed Chapter 13 plan; and

2. Debtor is current in all payments Debtor was authorized to make directly to a creditor; and

3. All allowed claims have been paid in accordance with the plan; and

4. With respect to any secured claim that continues beyond the term of the plan, all prepetition and post-petition defaults have been cured; and

©2016 David Wm. Ruskin

5. A creditor has no lawful reason to refuse to execute or deliver a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and;

6. There exists no reasonable cause to believe that:

    (a) 11 U.S.C. Section 522(q)(1) may be applicable to the Debtor; or

    (b) There is pending any proceeding in which the debtor may be found guilty of a felony of the kind specified in 11 U.S.C. Section 522(q)(1)(A) or found liable for a debt of the kind described in 11 U.S.C. Section 522(q)(1)(B)

7. The Court may enter an order of discharge containing the terms set forth above without further notice or hearing.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: December 29, 2021

/s/ John P. Kapitan
DAVID WM. RUSKIN (P26803)
Attorney and Chapter 13 Standing Trustee
LISA K. MULLEN (P55478)
JOHN P. KAPITAN (P61901)
26555 Evergreen Road Ste 1100
Southfield, MI 48076-4251
Telephone (248) 352-7755

©2018 David Wm. Ruskin

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:
RICKY WYCHE

Debtor

CHAPTER 13
Case No. 17-43883-LSG
Judge LISA S. GRETCHKO

**PROOF OF SERVICE OF TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION**

I hereby certify that on December 29, 2021, I electronically filed the TRUSTEE'S NOTICE OF FINAL CURE PAYMENT AND TRUSTEE'S NOTICE OF COMPLETION OF PLAN PAYMENTS; NOTICE TO CREDITORS OF OBLIGATION TO FILE A RESPONSE AND RIGHT TO OBJECT; AND NOTICE TO DEBTOR OF OBLIGATION TO FILE DEBTOR'S CERTIFICATION with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

Law Office Of Richard H Clark Pllc
30833 Northwestern Hwy Suite 224
Farmington Hills, MI 48334

The parties on the attached list were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto.

/s/ Jayme L. DePriest

Jayme L. DePriest
For the Office of the Chapter 13 Standing Trustee-Detroit
26555 Evergreen Road Ste 1100
Southfield, MI 48076-4251
(248) 352-7755

©2016 David Wm. Ruskin

RICKY WYCHE
P O BOX 24136
DETROIT, MI 48224-1364

ELAN FINANCIAL SERVICES
P O BOX 108
ST LOUIS, MO 63166

GREAT EXPRESSIONS DENTAL CNTR
3670 WOODWARD AVE STE 101B
DETROIT, MI 48201-2456

I C SYSTEMS
P O BOX 64378
ST PAUL, MN 55164-0378

INTERNAL REVENUE SERVICE
P O BOX 7317
PHILADELPHIA, PA 19101-7317

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P O BOX 7346
PHILADELPHIA, PA 19101-7346

INTERNAL REVENUE SERVICE
P O BOX 7346
PHILADELPHIA, PA 19101

SETERUS
14523 SW MILIKAN WAY
SUITE 200
BEAVERTON, OR 97005

SN SERVICING CORPORATION
323 5TH STREET
EUREKA, CA 95501

TROTT LAW PC
31440 NORTHWESTERN HWY STE. 200
FARMINGTON HILLS, MI 48334-5422

U S BANK TRUST NA AS TRUSTEE OF THE
TIKI SERIES III TRUST
% SN SERVICING CORP
323 5TH ST
EUREKA, CA 95501

©2016 David Wm. Ruskin